16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Plaintiff Appellee,
v.
Demetrious HUTCHERSON, Defendant Appellant.
 No. 93-3322.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 15, 1994.
Filed: February 22, 1994.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 While Demetrious Hutcherson was robbing a bank in Hot Springs, Arkansas, a bank teller activated an alarm and a police officer soon entered the bank's outer doors to investigate. Hutcherson fired a shot from across the bank lobby, and the policeman withdrew, taking cover behind his patrol car parked outside. When Hutcherson later exited the bank and attempted to flee, he fired four more shots at the officer before the officer wounded Hutcherson and apprehended him.
 
 
 2
 Hutcherson pleaded guilty to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d). At sentencing, the district court[1] assessed Hutcherson a base offense level of 20 under U.S.S.G. Sec. 2B3.1(a); a two-level enhancement under Sec. 2B3.1(b)(1) for taking the property of a financial institution; a seven-level enhancement under Sec. 2B3.1(b)(2) for discharging a firearm during the course of a robbery; a three-level enhancement under Sec. 3A1.2(b) for creating a substantial risk of serious bodily injury to a law enforcement officer; and a two-level enhancement under Sec. 3C1.2 for recklessly creating a substantial risk of serious bodily injury while fleeing from a law enforcement officer. Hutcherson was sentenced to 235 months in prison and five years of supervised release.
 
 
 3
 On appeal, Hutcherson argues that the district court assessed a two-level enhancement under Sec. 3C1.2 contrary to the application note stating that this enhancement does not apply "where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." Sec. 3C1.2, comment. (n.1). However, we conclude that the district court properly applied this Guideline provision. Hutcherson received a seven-level enhancement under Sec. 2B3.1(b)(2) and a three-level enhancement under Sec. 3A1.2(b) because he fired at the police officer in the bank during the robbery. The two-level enhancement under Sec. 3C1.2 was assessed for the additional shots he fired outside the bank on a public street while attempting to flee the officer. Thus, the various enhancements were not imposed "solely on the basis of the same conduct."
 
 
 4
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas